Filed 7/26/24  P. v. Ramirez CA4/3
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICHARD DAVID RAMIREZ,<br><br>    Defendant and Appellant. | G061275<br><br>(Super. Ct. No. 01WF2314)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Andre Manssourian, Judge. Reversed and remanded.

Mark Alan Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, James M. Toohey and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Two decades ago, a jury found defendant Richard David Ramirez guilty of first degree murder. Years after his conviction, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) ( SB 1437), which "narrowed or eliminated certain forms of accomplice liability for murder." (*People v. Curiel* (2023) 15 Cal.5th 433, 440 (*Curiel*).) Ramirez filed a petition for relief from his murder conviction under Penal Code section 1172.6, alleging it was no longer valid following SB 1437's passage.[1] The trial court denied the petition, finding Ramirez had failed to state a prima facie case for relief. We disagree. Nothing in the record conclusively refutes the allegations in Ramirez's petition. Thus, the trial court erred by denying his petition at the prima facie stage. The order is reversed and the matter is remanded.

STATEMENT OF FACTS

I.

RAMIREZ'S TRIAL

The following facts are provided for background purposes. They have been taken from this division's unpublished opinion, *People v. Ramirez, et al.* (Jan. 18, 2006, G033858) [nonpub. opn.] (*Ramirez I*), which affirmed Ramirez's murder conviction.

Ramirez was a drug dealer and member of the Hawaiian Gardens gang, which was "'at war'" with an Artesia gang. Seventeen-year-old Guillermo Carvajal went to Ramirez's house to pay off a relative's debt. Carvajal was from Artesia but was not in a gang. According to an eyewitness, codefendants Javen Anthony Cervantes and Stanley Dean Cruz were at

---

[1] All further unspecified statutory references are to the Penal Code. Former section 1170.95 was renumbered section 1172.6 without substantive change, effective June 30, 2022. For clarity, we refer to the statutory provision as section 1172.6. (Stats. 2022, ch. 58, § 10.)

Ramirez's house and were members of gangs that were hostile to the same Artesia gang. Cervantes, Cruz, and an unidentified man accused Carvajal of being from Artesia and asked about his gang affiliation. Carvajal turned to leave but Cruz and Cervantes blocked his exit and summoned Ramirez. (*Ramirez I, supra*, G033858.)

"According to the eyewitness, . . . Ramirez told [Carvajal], 'You have been coming over here for like six months and you are from Artesia,' then punched him. The men forced [Carvajal] to his knees. Ramirez asked Cervantes to get some rope or tape. The men then took [Carvajal] out of the eyewitness's view. After a few minutes, the eyewitness heard one of them say, 'It looks like he's dead, home[s].' One of them asked for a blanket to wrap around the body. Ramirez approached the eyewitness, gave him some drugs, and warned him, 'don't trip.' Ramirez explained that they had been 'taking care of this fool from Artesia' because 'we're at war with these fools.'" (*Ramirez I, supra*, G033858.) Ramirez and Cervantes later dumped Carvajal's body in Los Alamitos. (*Ibid.*)

Ramirez, Cervantes, and Cruz were each charged with one count of first degree murder (§ 187, subd. (a)), and street terrorism (§186.22, subd. (a)). The information also alleged special circumstances of murder committed (1) during a robbery (§ 190.2, subd. (a)(17)), and (2) while participating in a criminal street gang (§ 190.2, subd. (a)(22)). The information further alleged a gang sentence enhancement for the murder charge (§ 186.22, subd. (b)(1)).

The three defendants were tried together. At trial, Cruz "claimed [Carvajal] stole $10 from him while he was intoxicated in Ramirez's garage. He wrestled with [Carvajal], who began to gain the upper hand. Cruz wrapped a piece of clothing around [Carvajal's] neck to defend himself. A

3

bystander broke up the fight, and observed that [Carvajal] was dead. Cruz did not intend to kill the victim." (*Ramirez I, supra*, G033858.)

After the presentation of evidence, the jury was instructed on three different theories of murder for all defendants: direct aiding and abetting, a natural and probable consequences theory of aiding and abetting, and felony murder based on commission of a robbery.

The jury eventually found all three defendants guilty of street terrorism and first degree murder, but it did not specify the theory of murder under which each had been convicted. The jury also found true the gang murder special circumstance (§ 190.2, subd. (a)(22)) and the gang sentence enhancement (§ 186.22, subd. (b)(1)). It did not find true the robbery murder special circumstance. The three defendants were all sentenced to life without the possibility of parole. (*Ramirez I, supra*, G033858.) Their convictions were affirmed in *Ramirez I*.

## II.

### PETITION FOR RESENTENCING

"Effective January 1, 2019, the Legislature passed [SB 1437] 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] In addition to substantively amending sections 188 and 189 of the Penal Code, [SB 1437] added section 1170.95, [now section 1172.6], which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)

4

To seek relief under section 1172.6, a convicted murderer must file a declaration stating that (1) a charging document was filed against the petitioner allowing the prosecution to proceed under a felony murder or natural and probable consequences theory of murder, (2) the petitioner was convicted of murder, and (3) the petitioner could not presently be convicted of murder due to the amendments to sections 188 and 189. (§ 1172.6, subd. (a); *People v. Strong* (2022) 13 Cal.5th 698, 708.)

The trial court reviews a section 1172.6 "petition 'to determine whether the petitioner has made a prima facie case for relief' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citations.] If, instead, the defendant has made a prima facie showing of entitlement to relief, 'the court shall issue an order to show cause.'" (*People v. Strong*, *supra*, 13 Cal.5th at p. 708.) This generally leads to "an evidentiary hearing at which the prosecution bears the burden of proving, 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under state law as amended by [SB 1437]." (*Id.* at pp. 708-709; § 1172.6, subd. (d)(1)-(3).)

Ramirez filed a section 1172.6 petition for resentencing. Among other things, his declaration asserted he could not presently be convicted of first degree murder because he (1) was not the actual killer, (2) did not aid or abet the actual killer and had no intent to kill, and (3) was not a major participant in the underlying felony who acted with reckless indifference to human life. The district attorney's office opposed the petition. It argued the gang murder special circumstance required the jury to find that Ramirez had intended to kill Carvajal. Thus, Ramirez could still be convicted of first degree murder today.

5

The trial court summarily denied Ramirez's petition outside the presence of the parties. The court's explanation for the denial only stated that "[t]he petition does not set forth a prima facie case for relief under the statute." Ramirez appealed the trial court's denial, arguing it should have issued an order to show cause and held an evidentiary hearing.

We affirmed the trial court's order in *People v. Ramirez, et al.* (July 13, 2023, G061275) [nonpub. opn.] (*Ramirez II*). We noted the jury's true finding as to the gang murder special circumstance required it to find "[t]he defendant [(Ramirez)] intentionally killed the victim." We held this finding made Ramirez ineligible for relief under section 1172.6.

The Supreme Court granted Ramirez's petition for review of *Ramirez II*. It eventually transferred the case back to this court with directions to vacate our prior decision and reconsider his appeal in light of *Curiel*. As instructed, we vacate *Ramirez II*. The parties have each filed supplemental briefs agreeing that the court's denial of the section 1172.6 petition must be reversed under *Curiel*. We also agree. Thus, we reverse the order and remand the matter to the trial court for further proceedings.

DISCUSSION

The jury was instructed on a natural and probable consequences theory of murder, which SB 1437 eliminated. The verdict form does not specify the theory of murder the jury relied on when finding Ramirez guilty of

murder. Thus, his conviction could have been based on a theory of murder that is now invalid.[2]

Nothing in the record conclusively refutes the allegations in Ramirez's section 1172.6 petition that he could not be presently convicted of first degree murder. In *Ramirez II*, we determined Ramirez must have been convicted of murder as a direct aider and abettor, which remains a valid theory following SB 1437. (See *Curiel, supra*, 15 Cal.5th at p. 462.) Our analysis was based on the jury's true finding on the gang murder special circumstance. To make this finding, the jury had to conclude that "[Ramirez] intentionally killed the victim." We reasoned that "[b]ecause the jury found the gang murder special circumstance true for Ramirez, it must have found that he intentionally killed Carvajal. In other words, the jury found Ramirez directly aided and abetted in Carvajal's murder. Thus, Ramirez's murder conviction would still be valid under the amended versions of sections 188 and 189." (*Ramirez II, supra*, G061275.)

The Supreme Court rejected this analysis in *Curiel*. Like here, the jury in *Curiel* found the defendant "'inten[ded] to kill'" the victim when finding true a gang murder special circumstance. (*Curiel, supra*, 15 Cal.5th at p. 440.) But the Supreme Court held "[t]he jury's finding of intent to kill does not, itself, conclusively establish that [the defendant] is ineligible for relief [under section 1172.6]. [The defendant's] allegation that he could not currently be convicted of murder because of the changes in substantive law

_____

[2] It does not appear the jury's murder conviction was based on felony murder. The underlying crime listed in the felony murder instruction was robbery, and the jury found untrue the robbery murder special circumstance. But we need not decide this issue since the jury could have convicted Ramirez under a natural and probable consequences theory.

7

enacted by Senate Bill 1437 put at issue all the elements of murder under current law. Murder liability as an aider and abettor requires both a sufficient mens rea and a sufficient actus reus. A finding of intent to kill, viewed in isolation, establishes neither." (*Id*. at p. 441.)

As in *Curiel*, the jury's finding that Ramirez "intentionally killed the victim" did not make him ineligible for relief under section 1172.6 as a matter of law. Nor does anything else in the record conclusively show he is ineligible for such relief. As such, the trial court wrongly denied Ramirez's section 1172.6 petition at the prima facie stage.

### DISPOSITION

The order is reversed, and the matter is remanded to the trial court. On remand, the trial court is directed to issue an order to show cause per section 1172.6, subdivision (c), and, if required, hold an evidentiary hearing on Ramirez's murder conviction (see § 1172.6, subd. (d)(1)-(3)).


MOORE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


DELANEY, J.

8